UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re )<br>)<br>WARREN I. GREEN, )<br>)<br>Debtor. )<br>_____)<br>)<br>KATHLEEN P. DWYER, )<br>  CHAPTER 7 TRUSTEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARSHA S. GREEN )<br>)<br>Defendant. )<br>_____) | Chapter 7<br>Case No. 13-10204-WCH<br><br><br><br><br><br>Adversary Proceeding<br>No. _____ |

**<u>VERIFIED COMPLAINT</u>**

<u>INTRODUCTORY STATEMENT</u>

Kathleen P. Dwyer, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Warren I. Green (the "Debtor"), commences this action by her Complaint seeking declaratory relief with respect certain real property known as and numbered 287 Langley Road, Unit 39, Newton, Massachusetts (the "Condominium") that is nominally in the name of defendant Marsha S. Green ("M. Green," or the "Defendant") but actually is subject to a resulting trust in favor of the Debtor and M. Green as tenants by the entirety. Following such declaratory relief, the Trustee seeks an order authorizing sale of the Condominium pursuant to 11 U.S.C. § 363(h).

## PARTIES

1.      The Trustee is the Chapter 7 Trustee of the Debtor's estate, appointed pursuant to 11 U.S.C. §§ 701(a)(1) and 702(d).

2.      Upon information and belief, Marsha S. Green is an individual residing at 287 Langley Road, Unit 39, Newton, Massachusetts.

## JURISDICTION

3.      This action is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334, as it arises under and relates to a case under title 11 of the United States Code (the "Bankruptcy Code") entitled In re Warren I. Green, Chapter 7 Case No. 13-10204-WCH. It is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2) (A), (N) and (O).

## STATEMENT OF FACTS

4.      On January 16, 2013, the Debtor filed a Voluntary Petition, pursuant to chapter 7 of the Bankruptcy Code. The next day, the Trustee was appointed as Chapter 7 trustee of the Debtor's bankruptcy case.

5.      Upon information and belief, on January 11, 2006, the Debtor and his wife, M. Green, sold the residence they had owned as tenants by the entirety (the "Marital Home") for $1,057,875.

6.      According to the U.S. Housing and Urban Development ("HUD") Settlement Statement dated January 12, 2006, M. Green and the Debtor received $648,181.40 in cash from the sale of the Marital Home.

7. Upon information and belief, the Debtor and M. Green then used the vast majority of the proceeds from the sale of the Marital Home, owned as tenants by the entirety, to purchase the Condominium for $900,000.

8. According to the HUD Settlement Statement dated April 24, 2006, M. Green and the Debtor paid a $45,000 deposit and an additional $473,000 in cash for the purchase of the Condominium.

9. On April 17, 2006, although purchasing as a replacement for the Marital Home, the couple titled the Condominium solely in the name of M. Green.

10. Upon information and belief, the Debtor and M. Green have lived at and continue to reside in the Condominium.

11. Upon information and belief, at the time of the sale of the Marital Home and purchase of the Condominium, the Debtor owed his lawyer, Robert Snider ("Snider"), a substantial debt for work performed under two contracts entered into in 2005.

12. Upon information and belief, the Debtor titled the Condominium solely in M. Green's name in order to avoid paying Snider.

13. Upon information and belief, the Condominium is subject to two mortgages with balances of approximately $400,000 and $50,000, respectively.

14. Upon information and belief, the present value of the Condominium is no less than its value on the date of purchase.

15. Upon information and belief, the Debtor and M. Green live in the Condominium alone with no minor children.

16. On January 16, 2013, the Debtor filed schedules of his assets and liabilities (the "Schedules") and a statement of his financial affairs (the "Statement of Financial Affairs").

17. Schedule A of the Schedules did not list any interest of the Debtor in the Condominium.

18. Schedule F of the Schedules states that the Debtor is a co-signor on a home equity loan of M. Green with a scheduled debt of $50,150.

19. Schedule I of the Schedules states that the Debtor and M. Green are married, and that the Debtor has a monthly income of $5,000 and M. Green has a monthly income of $2,000.

20. Schedule J of the Schedules demonstrates that the Debtor and M. Green share the expenses for the Condominium, including heat, utilities, water, real estate taxes, condo fee, and upkeep.

21. Upon information and belief, on or about January 16, 2013, the Debtor signed a declaration in which he declared under penalty of perjury that the Schedules and Statement of Financial Affairs were true and correct to the best of their knowledge, information, and belief.

22. Upon information and belief, the Debtor has retained a beneficial interest and co-ownership or control over the Condominium for some or all of the time from the date that the Condominium was titled in M. Green's name through the filing of his bankruptcy petition.

23. Upon information and belief, M. Green acquiesced to the Debtor living in the Condominium, paying the bills and upkeep of the Condominium, and retaining co-ownership or control over the Condominium.

24. Upon information and belief, a resulting trust arose on the purchase date of the Condominium for the benefit of the Debtor and M. Green as tenants by the entirety, notwithstanding the title to the Condominium being solely in the name of M. Green.

25. Upon information and belief, the Debtor and M. Green have an interest as tenants by the entirety in the Condominium on account of a resulting trust.

26. The Debtor's interest in the Condominium is property of the estate.

## COUNT I
### (Declaratory Judgment Regarding Legal and Equitable Title)

27. The Trustee repeats and incorporates herein by reference paragraphs 1 through 26 of this Complaint.

28. There exists an actual controversy with regard to title to the Condominium.

29. The Trustee asserts that the Debtor and M. Green through a resulting trust held title to the Condominium on the petition date as tenants by the entirety, which the Debtor denies.

30. Upon information and belief, the Debtor and M. Green used the vast majority of the proceeds of the sale of the Marital Home to finance the purchase of the Condominium.

31. The Condominium is titled solely in M. Green's name.

32. Upon information and belief, the Debtor owed Snider a considerable debt at the time of the purchase of the Condominium which he intended to avoid by not taking title to the Condominium.

33. Upon information and belief, the Debtor and M. Green have lived at and continue to reside in the Condominium.

34. Upon information and belief, the Debtor has paid some or all of the household expenses of the Condominium, including heat, utilities, water, real estate taxes, condo fee, and upkeep and has cosigned a home equity line on the Condominium.

35. Upon information and belief, the Debtor never intended to transfer his beneficial interest in the Condominium to M. Green.

36. Upon information and belief, M. Green acquiesced to holding title to the Condominium in her name for the purchase without receiving the beneficial interest of full ownership of the Condominium.

37. The Trustee asserts that the Condominium is subject to a resulting trust in favor of the Debtor and M. Green as tenants by the entirety.

38. The Trustee asserts that the Debtor's beneficial interest of the resulting trust on the Condominium constitutes property that the Trustee may use, sell, or lease under § 363 of the Bankruptcy Code.

39. This Court is empowered by 28 U.S.C. § 2201 to declare the rights and liabilities of the parties.

## COUNT II
### (Sale of Property -- 11 U.S.C. § 363(h))

40. The Trustee repeats and incorporates herein by reference paragraphs 1 through 39 of this Complaint.

41. The interest in the Condominium owned through a resulting trust by the Debtor at the time of the commencement of his bankruptcy case was an undivided interest with M. Green as tenants by the entirety.

42. The Condominium does not lend itself to physical partition.

43. Partition in kind of the Condominium among the bankruptcy estate and M. Green is impracticable.

44. In the Trustee's experience, the price a buyer would be willing to pay for a one-half interest as a tenant by the entirety interest in real estate with unrelated parties or a one-half

beneficial interest is far less than half of what that buyer would be willing to pay for a fee simple interest in the same real estate.

45. Sale of the estate's undivided interest in the Condominium would realize significantly less for the estate than sale of the Condominium free of the interest of M. Green.

46. Upon information and belief, sale of the Condominium free and clear of the interest of M. Green would pay a great majority of the scheduled unsecured claims and could potentially pay the unsecured claims in full.

47. Sale of the estate's and M. Green's interests in Condominium by the Trustee would likewise provide M. Green with a considerable amount of cash at closing, and no minor children would be affected by the Trustee's sale.

48. Upon information and belief, the benefit to the estate of sale of the Condominium free of the interests of M. Green outweighs any detriment to M. Green from the sale.

49. The Condominium is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

## PRAYERS FOR RELIEF

WHEREFORE, the Trustee prays that this Court enter an order:

1. Enter Judgment in favor of the Trustee;

2. Declare the rights of the parties, in particular that title to the Condominium is held through a resulting trust by the Trustee and M. Green as tenants by the entirety;

3. Authorizing the Trustee to sell, pursuant to 11 U.S.C. § 363(h), all of the bankruptcy estate's interest and the interest of M. Green in the Condominium known as and numbered 287 Langley Road, Unit 39, Newton, Massachusetts; and

4.  Granting such other and further relief as may be appropriate and just under all of the circumstances.

> Respectfully submitted,
>
> KATHLEEN P. DWYER,
>  CHAPTER 7 TRUSTEE,
>
> By her attorneys,
>
> _____
> Adam J. Ruttenberg, BBO 553158
> LOONEY & GROSSMAN LLP
> 101 Arch Street
> Boston, MA  02110
> (617) 951-2800
> aruttenberg@lgllp.com

Dated: January 30, 2014

## VERIFICATION

I, Kathleen P. Dwyer, Chapter 7 Trustee, the plaintiff herein, do hereby swear under the penalties of perjury that I have read this Verified Complaint, that the facts stated herein are true and that no material facts have been omitted herefrom, to the best of my knowledge, information and belief.

_____
Kathleen P. Dwyer

Dated: January 30, 2014

4840-7649-0776, v. 2