**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re ) | | |
| ) | | |
| WARREN I. GREEN ) | | CHAPTER 7 |
| ) | | CASE NO. 13-10204-MSH |
| Debtor ) | | |
| ) | | |

### DEBTOR'S MOTION TO AMEND SCHEDULES A and C

Debtor, Warren I. Green, hereby moves the Court, pursuant to F.R.B.P.1009(a) and MLBR 1009-1 to amend schedules A and C of his bankruptcy petition. As reasons therefore, the Debtor states as follows:

1. Debtor filed a chapter 7 bankruptcy petition ("Petition") on January 16, 2013.
2. Kathleen P. Dwyer was appointed chapter 7 trustee ("Trustee").
3. Debtor disclosed in his Petition that he resided at 287 Langley Road, Unit 39, Newton Corner, MA ("Property").
4. Debtor did not list an ownership interest in said Property on Schedule A as said Property was owned by his wife, Marsha S. Green ("Marsha"). (Ex.1)
5. On July 2, 2013, the Debtor was granted a discharge.
6. On January 30, 2014 the Trustee commenced an adversary proceeding against Marsha (A.P. No.14-106) seeking a declaratory judgment that said Property was held in a resulting trust for the Debtor.
7. The allegations contained in the Adversary Proceeding were eventually tried in the Middlesex Superior Court as part of a previously pending complaint against the Debtor.
8. On August 30, 2016, after trial, the Middlesex Superior Court found that a resulting trust existed and entered a declaratory judgment that said Property was "deemed to have been held by Warren I. Green and Marsha S. Green, as husband and wife, tenants by the entirety, at all times since April 17, 2006, including as of January 16,

2013, the date of Warren I. Green's Chapter 7 bankruptcy filing…" ("State Court Order"). (Ex.2).

9. On September 29, 2016, Marsha filed a Notice of Appeal of the State Court Order and is continuing her appeal of said Order.

10. Prior to the Petition date, on April 24, 2006, Marsha recorded a declaration of homestead on the Property, pursuant to M.G.L.c.188. (Ex.3)

11. Now that the Debtor has been found by the Superior Court to have an ownership interest in said Property, and without prejudice to his state court appeal, he seeks to amend schedule A to conform his ownership interest in said Property with the Superior Court's reformation of the deed as a tenancy by the entirety, as is currently on record in accordance with the Court's Judgment and Order, pending the decision of the Massachusetts Appeals Court, and to amend schedule C to exempt $500,000 in equity in said Property, pursuant to the homestead filed by Marsha. (The Debtor specifically reserves his rights, and Marsha's, to continue to appeal and contest the State Court Order)

12. As of the Petition date, said Property has an assessed value of $883,400. Presently, said Property has a fair market value of approximately $959,000. (Ex.4)

13. As of the Petition date, said Property was encumbered with a first mortgage to Santander Bank having a balance of $419,871. (Ex.5)

14. As of the Petition date, said Property was encumbered with second mortgage to Santander Bank having a balance of $51,071. (Ex.6)

15. Since the Petition date, the IRS has levied federal tax liens against the Property totaling $110,292.

16. The value of said Property is established as of the Petition date, and the Debtor may exempt property from the estate under the state or local law applicable on the Petition date, pursuant to 11 U.S.C. §522(b)(2).

17. Pursuant to F.R.B.P.1009(a) and MLBR 1009-1, the Debtor may amend his Schedules at any time prior to the close of his bankruptcy case and may even switch his exemptions from federal to state. See *In re:McComber*, 422 B.R. 334 (Bankr.D.Mass.2010)

18. Pursuant to M.G.L.c. 188, the Debtor is entitled to a $500,000 exemption in said Property as a result of his wife's prepetition recorded declaration of homestead. See, *In re: Ballirano*, 233 B.R. 11 (Bankr.D.Mass.1999)

19. There is no prejudice to creditors as the Debtor previously received his discharge and neither the Trustee nor any creditor filed a complaint to deny the debtor's discharge based upon an allegation that the Debtor concealed his ownership interest in said Property.

20. There is no bad faith on behalf of the Debtor as the Debtor disclosed his residential address and the fact that Marsha was the owner of record of said Property. But for the State Court Order, the Debtor would have been unable to assert the $500,000 exemption on said Property.

21. As of the Petition Date, the combined outstanding mortgage balances to Santander Bank totaled $470,942. Even using the current fair market value of the Property in the amount of $959,000, there is less than $500,000 equity in said Property.

22. Accordingly, the Debtor seeks permission to amend his Schedules A and C to list the Property and claim it as exempt.

WHEREFORE, the Debtor requests that the Court allow him to amend his Schedules A and C to list said Property as an asset and claim his statutory homestead exemption is said Property based upon his available state court exemptions at the time of filing.

Debtor By His Attorney,

/s/ Leonard A. Frisoli
Leonard A. Frisoli, BBO #638201
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141
(617) 494-0200 x7
laf@frisolilaw.com

Date: 12/12/16

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
In re                                )
                                     )
    WARREN I. GREEN      )    CHAPTER 7
                                     )    CASE NO. 13-10204-WCH
              Debtor    )
_____)

**Certificate of Service**

    The Debtor's Motion To Amend Schedules A and C, was served upon the attorney of record for each party stated below, by mail and/or ECF, on December 12, 2016

                                           /s/ Leonard A. Frisoli
                                           Leonard A. Frisoli


Kathleen P. Dwyer, Esq.
Maclean, Holloway, Doherty,
Ardiff & Morse, P.C.
8 Essex Center Drive
Peabody, MA 01960
kdwyer@7trustee.net, ma18@ecfcbis.com,aharris@mhdpc.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Taruna Garg on behalf of Plaintiff Kathleen P. Dwyer
tgarg@murthalaw.com, mgarcia@murthalaw.com

Jennifer L. Hertz on behalf of Assistant U.S. Trustee John Fitzgerald
Jennifer.L.Hertz@usdoj.gov

Timothy Larson on behalf of Creditor Sovereign Bank, N.A.
bankruptcy@orlansmoran.com, ANHSOM@4stechnologies.com;tlarson@orlansmoran.com

John N. Lewis on behalf of Defendant Marsha S. Green
jlewis4284@aol.com

4

Adam J. Ruttenberg on behalf of Trustee Kathleen P. Dwyer
aruttenberg@pbl.com

Thomas S. Vangel on behalf of Plaintiff Kathleen P. Dwyer
tvangel@murthalaw.com

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Robert Snider
11 Cahill Park Drive
Framingham, MA 01702