UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____   )
In re:                                )
                                      )
WARREN I. GREEN,                      )    CHAPTER 7
                                      )    CASE NO. 13-10204-MSH
                        Debtor.       )
_____   )

**TRUSTEE'S PRELIMINARY OPPOSITION TO DEBTOR'S MOTION
TO AMEND SCHEDULES A AND C**

Kathleen P. Dwyer, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Warren I. Green (the "Debtor") files this preliminary opposition to the Debtor's Motion to Amend Schedules A and C (the "Motion to Amend") to prevent the Motion to Amend from being routinely allowed since it is far from routine and should be denied because: (1) the Debtor has acted in bad faith; (2) allowance of the Motion to Amend would be prejudicial to creditors; and (3) principles of judicial estoppel prohibit its allowance. The Trustee will supplement this preliminary opposition with a more detailed memorandum with citations to legal authority within the fourteen (14) day opposition period.

In support thereof, the Trustee states as follows:

1. On January 16, 2013, the Debtor filed a Voluntary Petition, pursuant to chapter 7 of the Bankruptcy Code (the "Bankruptcy Petition"). On January 17, 2013, the Trustee was appointed as Chapter 7 trustee of the Debtor's Bankruptcy Case.

2. On January 30, 2014, the Trustee filed an adversary proceeding [AP No. 14-01026] against Marsha S. Green ("Marsha"), the wife of the Debtor, seeking a declaration that the real property located at 287 Langley Road, Unit 39, Newton Massachusetts (the

"Condominium"), held nominally in the name of Marsha, is subject to a resulting trust in favor of the Debtor and Marsha as tenants by the entirety (the "Adversary Proceeding").

3. On February 25, 2014, Marsha filed a motion to dismiss the Adversary Proceeding, alleging the existence of a "prior pending action" in the Middlesex Superior Court [Docket No. MISUCV2011-002897] (the "Superior Court Action").

4. On April 9, 2014, a hearing on the motion to dismiss was held in which the Court (Hillman, J.) directed the parties to proceed with the Superior Court Action:

> [F]irst of all, I don't want to dismiss this AP because ultimately perhaps there will be something for the Trustee to reach. But at the same time, I don't want to have you people running in two courts doing the same thing. So what I'd like to do is just continue this motion to dismiss generally and when the state court does something, then one of you will get back to me and tell me what to do as the next thing.

5. The parties proceeded to complete discovery on the resulting trust claim in the Superior Court Action and the case was ultimately reached for trial in April 2016.

6. A four-day jury waived trial took place in the Superior Court Action between April 27, 2016 and May 18, 2016.  Closing arguments were completed on the afternoon of May 18, 2016. The Court (Fahey, J.) announced its decision in favor of the Trustee imposing a resulting trust on the Debtor's interest in the Condominium in open Court on June 27, 2016.

7. The Superior Court issued written Findings of Fact, Conclusions of Law and Order of Judgment (the "Decision") on August 30, 2016.  The Court entered Judgment (the "Judgment") on September 7, 2016 in favor of the Trustee on the resulting trust claim.

8. According to the Judgment:

(1) until further court order, the property at 287 Langley Road, Unit 39, Newton, Massachusetts, is not to be sold or encumbered; (2) judgment shall enter in favor of plaintiff . . . against defendant . . . on Count I . . . (3) that title to certain real

property, known and numbered as 287 Langley Road Unit 39, Newton, Massachusetts, and more particularly described in the Condominium Deed . . . is deemed to have been held by Warren I. Green and Marsha S. Green, as tenants by the entirety, at all times since April 17, 2016, including as of January 16, 2013, the date of Warren I Green's Chapter 7 bankruptcy filing, notwithstanding the fact that the Condominium Deed . . . purports to convey said real property solely to defendant. . . .

9. First, the Decision unequivocally found that the Debtor acted in bad faith by intentionally concealing assets from creditors:

When [the Greens] intentionally put the Condominium in only Marsha's name, the Greens were both well aware that Warren had current creditor Attorney Snider, and potential creditor Northstar. The primary reason they did so was to avoid those creditors; to a lesser extent, if they could avoid future creditors, they sought that too.

Debtor's Exhibit 2 at 4-5.

10. The Court also discredited Debtor's testimony that he did not know he had any creditors at the time the Condominium was purchased and Debtor's testimony that he intended to gift Marsha his portion of sale proceeds from the sale of their marital home. Debtor's Exhibit 2 at 6.

11. Second, the resulting trust claim as set forth in the Superior Court Action is the only source of recovery in this case; allowing the Debtor to essentially abandon his earlier position in both this Court and the Superior Court with respect to his interest in the Condominium and attempt to claim the Condominium as an exempt asset nearly four years after filing the Bankruptcy Petition is prejudicial to creditors. Furthermore, the Trustee detrimentally relied upon the Debtor's existing disclosure that he had no interest in the Condominium in incurring substantial legal fees and expenses in pursuing the resulting trust claim[1].

---

[1] It should be noted that Attorney Robert Snider, a primary creditor in this case, also detrimentally relied on the Debtor's position that he did not have a legal interest in the Condominium. Attorney Snider extensively litigated this matter prior to the Trustee's

12. Third, the Debtor should be judicially estopped from claiming any interest in the Condominium, as such a position is entirely contrary to his position in the main bankruptcy case, the Adversary Proceeding and the Superior Court Action. The Debtor has vigorously contested that he ever held any interest in the Condominium and testified under oath recently as May 2016 that he held no interest in the Condominium. The judgment entered in the Superior Court Action is the subject of an appeal by the Debtor's wife which is pending at the Massachusetts Appeals Court (Docket #2016-P-1561).

13. The only declaration of homestead of record was recorded by Marsha Green in April of 2006 prior to the substantial amendments that became effective March 16, 2011. At the time of the recording of the homestead, title to the Condominium was held solely in the name of Marsha Green and the Debtor did not hold an interest in the Condominium sufficient to be afforded homestead protection.

14. The Debtor is improperly attempting "to have his cake and eat it too". Now that the Superior Court has issued detailed findings of fact in a 17 page decision which support the imposition of a resulting trust based on the Debtor's intent to avoid creditors, the Debtor wants to circumvent that adverse ruling by playing fast and loose with this Court and claiming the Condominium as his asset. This Court should not condone a Debtor engaging in bad faith conduct which is prejudicial to creditors and allow the Debtor to abuse the judicial process by reversing his legal position in order to unfairly attempt to get another bite of the apple.

15. Finally, this case is factual distinguishable from the cases cited by Debtor, permitting amendments to exemptions. Unlike in <u>In re McComber</u>, 422 B.R. 334, 337 (Bank. D. Mass. 2010), where the Court allowed a Debtor to change an exemption "to correct a mistake,"

---

substitution as a party in this case.

there is no mistake on the part of the Debtor here.  The Debtor intentionally caused the Condominium to be placed solely in his wife's name to improperly avoid creditors, both current and future, and the Superior Court so found.  Moreover, unlike the cases relied upon by the Debtor, the Debtor here acted in bad faith with respect to the Condominium he is now attempting to claim it as an exempt asset.  Creditors and the Trustee will be prejudiced by allowance of the Motion to Amend and the Debtor's claimed homestead exemption.

WHEREFORE, the plaintiff, Kathleen P. Dwyer, Chapter 7 Trustee, requests that this honorable Court deny Debtor's Motion to Amend.  The Trustee intends to file a memorandum of law in support of the Trustee's Opposition to the Debtor's Motion to Amend Schedules A and C within 14-days of the Debtor's filing of the Motion to Amend unless directed otherwise by the Court.

Respectfully submitted,

**Kathleen P. Dwyer, Chapter 7 Trustee, Plaintiff**

By her Attorneys,

 _/s/ Anthony R. Leone_____
Thomas S. Vangel, Esq. BBO # 552386
Anthony R. Leone, Esq. BBO # 681760
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
tvangel@murthalaw.com
aleone@murthalaw.com

Dated:  December 13, 2016

## CERTIFICATE OF SERVICE

I, Anthony R. Leone, hereby certify that on December 13, 2016, a copy of Trustee's Preliminary Opposition to Debtor's Motion to Amend Schedules A and C was served through the Court's electronic filing system on all parties registered to receive electronic notice.

                                                */s/ Anthony R. Leone*_____
                                                Anthony R. Leone