**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|                          |   |                              |
|--------------------------|---|------------------------------|
| In re                    ) |   |                              |
|                          ) |   |                              |
| WARREN I. GREEN          ) |   | CHAPTER 7                    |
|                          ) |   | CASE NO. 13-10204-MSH        |
| Debtor                   ) |   |                              |
|                          ) |   |                              |

### DEBTOR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND SCHEDULES A and C

Debtor, Warren I. Green, hereby submits his supplemental memorandum in support of his Motion to Amend Schedules A and C ("Motion"). Debtor's Motion seeks to allow him to claim a state homestead exemption in the real estate located at 287 Langley Road, Unit 39, Newton, MA ("Property"). Pursuant to the Court's ruling on January 31, 2017, the parties have been given the opportunity to address the applicability of 11 U.S.C. §522(g) to Debtor's Motion.

### 11 U.S.C. §522(g) Is Not Applicable to Debtor's Motion as the Debtor Never Transferred Nor Concealed Said Property

11 U.S.C. §522(g) states: "Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted property under subsection (b) of this section if such property had not been transferred, if –(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section".

The Code defines transfer as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with – (i) property; or (ii) and interest in property."

The Debtor Did Not Transfer or Conceal Said Property:

Said Property was purchased in the name of the Debtor's spouse in April, 2006 and remains titled in the name of the Debtor's spouse. There was never a transfer by the Debtor of his interest in said Property, nor was there a concealment of said Property. Had there been either, the trustee surely would have raised such an argument in one of his three filed oppositions to the Debtor's Motion. The Trustee must concede that title to said Property was never in the name of the Debtor and therefore has never been transferred by him.

The Trustee will likely argue that a transfer occurred based on the portion of the state court decision stating that the Debtor and his spouse used the sales proceeds from their prior home for the down payment on said Property. However, their prior home was owned as tenants by the entirety, so the Debtor's spouse had an undivided 100% interest in their prior home and the sales proceeds. The fact that the Debtor's spouse used the prior sales proceeds to purchase said Property does not constitute a transfer of said Property under the Code. The state court did not declare a fraudulent transfer of the Property occurred. The state court simply found this conduct to be one of several reasons for entering a Declaratory Judgment.

In In re: Ringham, 294 B.R. 204 (2003) the Court makes clear that the prohibition against exemptions in §522(g) require the Debtor to have committed a voluntary transfer and a concealment of the Property. There is neither in the captioned action.

In In re Carpenter, 56 B.R. 704 at 706 (2009) Bankruptcy Court found that §522(g) applied where a debtor, owning a house jointly with his wife, transferred that interest to her with the intent to put the asset beyond the reach of his creditors. In the captioned action, the Debtor never held title to said Property.

The 9th Circuit Bankruptcy Appellate Panel reaffirmed the necessity of a voluntary transfer to trigger the §522(g) prohibition of exemptions in In re Glass, 164 B.R. 759 at 764-765 (1994), stating "where a debtor *voluntarily transfers* property…the debtor is not entitled to claim an exemption under §522(g)" (emphasis added.).. The key is that the debtor must make a transfer of the property in question.

The Debtor clearly disclosed said Property as his home address in his petition. The Debtor also disclosed Sovereign Bank in Schedule F of his petition referencing that he was a co-debtor on his wife's home equity loan. He also referenced the monthly mortgage payments he was paying in Schedule J. The state court case in which the Trustee substituted herself as

2

plaintiff, and obtained the Declaratory Judgment, was disclosed in the Debtor's statement of financial affairs. Accordingly, there can be no argument that the Debtor concealed said Property. The Trustee will likely argue that the Debtor concealed "his interest" in said Property. However, section 522(g)(1)(B) clearly states "the debtor did not conceal such property". Since the Property was disclosed repeatedly in the Debtor's petition, it was not concealed.

In In re McIsaac, 19 B.R. 391, 396 (1982), the Court defined concealment as "hiding or withdrawing property from observation, preventing the discovery of property or withholding knowledge of the existence, ownership or location of property." Where the Property was repeatedly disclosed in the petition, none of those definitions are applicable.

In Riggsby v. Fort Oglethorpe State Bank, 34 B.R. 440 (1983), the court weighed in on concealing property under §522(g). In that case, the property at issue was a bank account which was not disclosed in the petition. The defendant argued that the bank account was concealed by the debtors and therefore could not be claimed as exempt. However, the debtors had revealed the existence of the account at their creditors meeting. The court found that there was no concealment sufficient to deny the right to exempt the account, because the debtors had revealed the existence of the bank account at a creditors meeting. In the captioned case, the Debtor was questioned at his creditors meeting about his wife's ownership of the Property, as it was referenced in his petition. Accordingly, there was no concealment of the Property.

The Trustee Did Not Recover Said Property:

The Debtor disputes that the Trustee "recovered" said Property when she obtained a Declaratory Judgment stating in pertinent part: "that tile to … [said Property] is deemed to have been held by Warren I. Green and Marsha S. Green, as husband and wife, tenants by the entirety, at all times since April 17, 2006, including as of January 16, 2013, the date of Warren I. Green's Chapter 7 bankruptcy filing…".

The Trustee did not commence a recovery action or make demand for turnover of said Property from the Debtor's spouse under any of the sections enumerated in §522(g). The Trustee never alleged that a fraudulent or preferential transfer had occurred. Rather, the trustee simply substituted herself as Plaintiff in a state court action commenced by a creditor of the Debtor. The sole remaining count of the complaint was for a Declaratory Judgment. Said

3

Declaratory Judgment is simply a declaration of ownership, nothing more. The state court did not enter an order to "reconvey" the Property, so the Trustee has not recovered anything.

<u>Conclusion:</u>

§522(g) does not apply to the Debtor's Motion to Amend Schedules A and C. Accordingly, the Debtor should be allowed to claim his statutorily protected homestead rights, under his wife's recorded declaration of homestead.

WHEREFORE, the Debtor requests that the Court allow him to amend his Schedules A and C to list said Property as an asset and claim his statutory homestead exemption in said Property.

        Debtor By His Attorney,

        /s/ Leonard A. Frisoli
        Leonard A. Frisoli, BBO #638201
        Frisoli Associates, P.C.
        Bulfinch Square
        43 Thorndike Street
        Cambridge, MA 02141
        (617) 494-0200 x7
        laf@frisolilaw.com

Date: 2/15/17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
In re                                       )
                                            )
    WARREN I. GREEN        )            CHAPTER 7
                                            )            CASE NO. 13-10204-WCH
               Debtor          )
_____)

**Certificate of Service**

The Debtor's Supplemental Memorandum, was served upon the attorney of record for each party stated below, by mail and/or ECF, on February 15, 2017.

　/s/ Leonard A. Frisoli　
Leonard A. Frisoli


Kathleen P. Dwyer, Esq.
Maclean, Holloway, Doherty,
Ardiff & Morse, P.C.
8 Essex Center Drive
Peabody, MA 01960
kdwyer@7trustee.net, ma18@ecfcbis.com,aharris@mhdpc.com

John Desmond, Esq.
Trustee@jdesmond.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Taruna Garg on behalf of Plaintiff Kathleen P. Dwyer
tgarg@murthalaw.com, mgarcia@murthalaw.com

Jennifer L. Hertz on behalf of Assistant U.S. Trustee John Fitzgerald
Jennifer.L.Hertz@usdoj.gov

Timothy Larson on behalf of Creditor Sovereign Bank, N.A.
bankruptcy@orlansmoran.com, ANHSOM@4stechnologies.com;tlarson@orlansmoran.com

John N. Lewis on behalf of Defendant Marsha S. Green

5

jlewis4284@aol.com

Adam J. Ruttenberg on behalf of Trustee Kathleen P. Dwyer
aruttenberg@pbl.com

Thomas S. Vangel on behalf of Plaintiff Kathleen P. Dwyer
tvangel@murthalaw.com

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Robert Snider
11 Cahill Park Drive
Framingham, MA 01702