Official Form 417A (12/15)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

U.S. BANKRUPTCY COURT

2017 JUN -2  A 11: 39

In re:

WARREN I GREEN

Debtor

Chapter 7
Case No., 13-10204-MSH

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Warren I. Green

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:
   Order on Debtor's Motion to Amend Schedules A and C

2. State the date on which the judgment, order, or decree was entered: May 2, 2017

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: John Desmond, Trustee    Attorney: Thomas S. Vangel

   Murtha Kullina, LLP
   99 High Street
   Boston, MA 02110

2. Party: _____    Attorney: _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[X] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: June 01, 2017

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Warren I. Green
287 Langley Road – Unit 39
Newton Center, MA  02459
617-620-9263

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

In re:

WARREN I. GREEN

    Debtor

Chapter 7
Case No. 13-10204-MSH

## ORDER ON DEBTOR'S MOTION TO AMEND SCHEDULES A AND C

The Debtor's Motion to Amend Schedules A and C [docket #61] with respect to his ownership interest in a condominium on Langley Road in Newton is ALLOWED as to Schedule A and DENIED as to Schedule C.

With certain exceptions, Bankruptcy Code § 522(g)[1] permits a debtor to exempt property which a trustee recovers for the bankruptcy estate under Code §550. One such exception arises if the transfer giving rise to the trustee's recovery was made by the debtor voluntarily.[2] Allowing the debtor leave to amend Schedule C to assert an exemption in the Langley Road condominium would be futile as such an exemption is impermissible under § 522(g).

The debtor owned a home on Mayflower Road in Newton jointly with his wife as tenants by the entirety. In 2006 they sold that home. The debtor, who at the time faced claims by creditors, arranged for a substantial portion of the net sale proceeds to be taken exclusively by

---

[1] References to the Bankruptcy Code or Code are to 11 U.S.C. § 101 et seq.

[2] Section 522 (g) provides: "Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section."

his wife who used the money to buy the Langley Road condominium in her name alone. Thus the debtor voluntarily transferred to his wife his interest in a portion of the sale proceeds of the Mayflower Road property which proceeds are traceable to the Langley Road condominium.[3]

When the debtor filed his voluntary chapter 7 petition commencing this case on July 16, 2013, he did not list as an asset the Langley Road condominium because title was not in his name. He did identify the property as his place of residence, however.

At the time of his bankruptcy filing, there was pending in a Massachusetts state court a suit by a judgment creditor of the debtor against the debtor's wife for a determination that the debtor should be declared to have an ownership interest in the Langley Road condominium. The chapter 7 trustee in this case, exercising her rights under Bankruptcy Code § 544 as a hypothetical judgment creditor holding an unsatisfied execution, substituted herself as the plaintiff in the state court lawsuit. On August 30, 2016, the state court entered judgment in favor of the trustee ruling that title to the Langley Road condominium was deemed to have been held by the debtor and his wife as tenants by the entirety at all times since its purchase including as of the date of the debtor's bankruptcy petition. The court found, among other things, that the "decision that [the debtor's wife] purchase the Condominium in her name only was to keep and preserve [the debtor and his wife's] main asset, the Condominium, from the reach of creditors."[4] Thus, the chapter 7 trustee using her strong arm powers under Code § 544 avoided the pre-petition transfer by the debtor to his wife of his interest in a portion of the net proceeds of the Mayflower Road property and recovered the current manifestation of that interest, namely

---

[3] The Code defines the term transfer to include "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." 11 U.S.C. § 101(54). What the debtor did with his interest in the proceeds of the sale of the Mayflower Road property in 2006 was a transfer as defined in the Code.

[4] *Dwyer v. Green*, Civil Action No. 1181-CV-02897 (Mass. Super. Ct. Aug. 30, 2016).

ownership rights in the Langley Road condominium, from the debtor's wife. The trustee's recovery falls squarely within the scope of § 550.

The interest of the debtor in the Langley Road condominium having been recovered by the trustee for the benefit of the bankruptcy estate after the debtor voluntarily transferred to his wife his interest in the cash used to purchase that property, the debtor is precluded by § 522(g) of the Code from now seeking to exempt his ownership interest in that property. The debtor is, of course, entitled to amend his Schedule A to include as an asset his ownership in the property since it is now property of the estate.

Dated: May 2, 2017

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge